UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JESSICA BLANCO,

        Plaintiff,

   v.

AMERICAN HOME MORTGAGE SERVICE INCORPORATION, OPTION ONE MORTGAGE CORPORATION, THE FUNDING & LENDING NETWORK, MANDEL JOHNSON, MYRON BUTLER, AHMSI DEFAULT SERVICE CORPORATION, and DOES 1-20, inclusive,

        Defendants.
_____/

NO. CIV. 09-578 WBS DAD

ORDER RE: MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

----oo0oo----

On February 11, 2009, plaintiff Jessica Blanco brought this action against defendants American Home Mortgage Service Incorporation ("AHMSI"), Option One Mortgage Corporation ("Option One"), The Funding & Lending Network ("Funding & Lending"), Mandel Johnson, Myron Butler, and AHMSI Default Service Corporation ("AHMSI Default") alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f; the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617; the Racketeer Influenced

1

and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968; the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788.1-1788.33; California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; and California Civil Code section 2923.5(b), as well as claims for breach of contract, breach of the implied covenant of good faith and fair dealing, wrongful foreclosure, breach of fiduciary duty, and fraud.  Defendants Funding & Lending and Mandel Johnson filed an Answer on April 28, 2009, and defendant Myron Butler filed an Answer on April 30, 2009.

On June 16, 2009, defendants AHMSI, Option One, and AHMSI Default moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. Before that motion could be heard, however, plaintiff filed a First Amended Complaint ("FAC") on July 16, 2009.  No opposition has been filed with respect to the motion to dismiss or for summary judgment.

Pursuant to Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  Fed. R. Civ. P. 15(a)(1)(A).  A motion to dismiss, moreover, "is not a 'responsive pleading' within the meaning of Rule 15." Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) (citing Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir. 2000)).  Ample authority also provides that, like a motion to dismiss, a motion for summary

2

judgment is not a responsive pleading for purposes of Rule 15(a)(1)(A).  See, e.g., Kirk v. United States, 232 F.2d 763, 770 & n.11 (9th Cir. 1956); USS-POSCO Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL-CIO, 721 F. Supp. 239, 242 (N.D. Cal. 1989); see also 3 James Wm. Moore et al., Moore's Federal Practice [hereinafter Moore's] § 15.11 (3d ed. 2007). Consequently, "[b]ecause neither motions to dismiss [n]or motions for summary judgment are responsive pleadings for purposes of Rule 15 . . . plaintiffs are permitted to file an amended complaint . . . as a matter of course" where such motions are filed in lieu of an answer.  USS-POSCO Indus., 721 F. Supp. at 242.

Although the Ninth Circuit has not yet addressed the issue, other courts of appeals as well as district courts within the Ninth Circuit have held that "[w]here there are multiple defendants, and some defendants have filed an answer and some defendants have not, the plaintiff may amend the complaint as a matter of course as to the non-answering defendants only." Ramirez v. Silgan Containers, No. 07-91, 2007 WL 1241829, at *3 (E.D. Cal. Apr. 26, 2007) (Ishii, J.) (citing Williams v. Bd. of Regents, 477 F.3d 1282, 1291 (11th Cir. 2007); Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983); Peralta Cmty. College Dist. v. United Nat'l Ins. Co., No. 04-3287, 2004 U.S. Dist. LEXIS 20431, at *3 n.2 (N.D. Cal. Oct. 5, 2004)); see 3 Moore's § 15.11 ("If some, but not all, of the defendants have answered, the plaintiff has the right to amend only the claims asserted against the non-answering parties and must obtain leave to amend the complaint as to answering parties.").

1         Therefore, insofar as plaintiff seeks to amend her
2    Complaint as to defendants Myron Butler, Funding & Lending, and
3    Mandel Johnson, she may do so only with their written consent or
4    through a noticed motion requesting leave of the court.  <u>See</u> Fed.
5    R. Civ. P. 15(a)(2).  As to defendants AHMSI, Option One, and
6    AHMSI Default Service, however, defendant may amend her Complaint
7    as a matter of course.
8         Generally, an amended complaint "supersedes the
9    original, the latter being treated thereafter as non-existent."
10   <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997)
11   (quoting <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967)); <u>see</u>
12   <u>Hernandez v. Downey Sav. & Loan Ass'n, F.A.</u>, No. 08-2336, 2009 WL
13   532545, at *1 (S.D. Cal. Mar. 3, 2009) ("Because plaintiff has
14   filed an amended complaint before being served with a responsive
15   pleading, the first amended complaint is now the operative
16   complaint.").  Thus, upon the filing of an amended complaint, a
17   court "will usually treat the motion to dismiss as mooted."
18   Judge William W. Schwarzer et al., <u>Practice Guide: Federal Civil</u>
19   <u>Procedure Before Trial</u> § 9:262 (Nat'l ed. 2009); <u>see</u> <u>Setencich v.</u>
20   <u>Am. Red Cross</u>, No. 07-3688, 2007 WL 4259590, at *2 (N.D. Cal.
21   Dec. 4, 2007) ("[B]ecause the [defendant's] motion to dismiss
22   challenges the plaintiff's original and now 'non-existent'
23   complaint, the defendant's motion is moot.").
24        Here, plaintiff's FAC is now the operative complaint in
25   this case as to defendants AHMSI, Option One, and AHMSI Default.
26   Accordingly, the court will deny as moot their motion to dismiss
27   the original Complaint or, in the alternative, for summary
28   judgment.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss or, in the alternative, for summary judgment be, and the same hereby is, DENIED as MOOT.  The hearing currently set for August 3, 2009, is VACATED.

DATED:  July 17, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE