UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JESSICA BLANCO,

                                          NO. CIV. 2:09-578 WBS DAD

       Plaintiff,

  v.

AMERICAN HOME MORTGAGE SERVICE INCORPORATION, OPTION ONE MORTGAGE CORPORATION, THE FUNDING & LENDING NETWORK, MANDEL JOHNSON, MYRON BUTLER, AHMSI DEFAULT SERVICE CORPORATION, and DOES 1-20, inclusive.

       Defendants.
_____/

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After holding a Status (Pretrial Scheduling) Conference on September 21, 2009, the court enters this Status (Pretrial Scheduling) Order:

       I.   <u>SERVICE OF PROCESS</u>

       Plaintiff indicates that all defendants except Mortgage

1

Electronic Registration Systems (MERS) have been served; however, plaintiff's Complaint does not name MERS as a defendant in this action.  All named defendants have therefore been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

## II.   JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

## III.  JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff alleges a claim under the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f.  Venue is undisputed and is hereby found to be proper.

## IV.   DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than October 26, 2009.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than April 5, 2010.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before May 24, 2010.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so

1  conducted as to be <u>completed</u> by July 26, 2010.  The word
2  "completed" means that all discovery shall have been conducted so
3  that all depositions have been taken and any disputes relevant to
4  discovery shall have been resolved by appropriate order if
5  necessary and, where discovery has been ordered, the order has
6  been obeyed.  All motions to compel discovery must be noticed on
7  the magistrate judge's calendar in accordance with the local
8  rules of this court and so that such motions may be heard (and
9  any resulting orders obeyed) not later than July 26, 2010.

10　　　　　　　　V.   MOTION HEARING SCHEDULE

11　　　　　　　　All motions, except motions for continuances, temporary
12  restraining orders, or other emergency applications, shall be
13  filed on or before September 27, 2010.  All motions shall be
14  noticed for the next available hearing date.  Counsel are
15  cautioned to refer to the local rules regarding the requirements
16  for noticing and opposing such motions on the court's regularly
17  scheduled law and motion calendar.

18　　　　　　　　VI.  FINAL PRETRIAL CONFERENCE

19　　　　　　　　The Final Pretrial Conference is set for December 13,
20  2010, at 2:00 p.m. in Courtroom No. 5.  The conference shall be
21  attended by at least one of the attorneys who will conduct the
22  trial for each of the parties and by any unrepresented parties.

23　　　　　　　　Counsel for all parties are to be fully prepared for
24  trial at the time of the Pretrial Conference, with no matters
25  remaining to be accomplished except production of witnesses for
26  oral testimony.  Counsel shall file separate pretrial statements,
27  and are referred to Local Rules 16-281 and 16-282 relating to the
28  contents of and time for filing those statements.  In addition to

3

those subjects listed in Local Rule 16-281(b), the parties are to provide the court with: (1) a plain, concise statement which identifies every non-discovery motion which has been made to the court, and its resolution; (2) a list of the remaining claims as against each defendant; and (3) the estimated number of trial days.

In providing the plain, concise statements of undisputed facts and disputed factual issues contemplated by Local Rule 16-281(b)(3)-(4), the parties shall emphasize the claims that remain at issue, and any remaining affirmatively pled defenses thereto.  If the case is to be tried to a jury, the parties shall also prepare a succinct statement of the case, which is appropriate for the court to read to the jury.

## VII.    TRIAL SETTING

The jury trial is set for February 15, 2011, at 9:00 a.m.  The parties estimate that the trial will last three court days.

## VIII.    SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement

judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

### IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

### X.   SANCTIONS

In the court's March 2, 2009 Order Re: Status (Pretrial Scheduling) Conference, which was instructed to be served on each defendant with the complaint in this matter, the court ordered the parties to submit a Joint Status Report fourteen days prior to the scheduled Status (Pretrial Scheduling) Conference, which was originally set for June 15, 2009.  The March 20, 2009 Order specifically stated, "**Failure to comply with the requirements enumerated in this Order may result in sanctions.**"  (Docket No. 5 at 1 (emphasis in original).)

After all of the parties except pro se defendants Myron Butler and Mandale Johnson failed to submit a Status Report, the court rescheduled the Status (Pretrial Scheduling) Conference twice "to permit the parties additional time to meet and confer and file a joint status report."  (Minute Orders, Docket Nos. 24, 28.)  Despite providing the parties with two additional months, the parties failed respond to the court's repeated requests for a status report.  As a result, the court was forced to needlessly hold a Status (Pretrial Scheduling) Conference in this case.  At

5

the hearing, Jonathen Stein, plaintiff's counsel, stated that he had prepared a report but forgot to file it with the court, and Michael Brooks, defendants American Home Mortgage Servicing, Inc., Option One Mortgage Corporation, and AHMSI Default Services' counsel, stated he was not aware of the court's March 2, 2009 Order and had recently changed firms. None of these explanations provide good cause for the counsels' failures to comply with the court's March 2, 2009 Order.

Federal Rule of Civil Procedure 16(f)(1)(C) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Pursuant to Rule 16(f)(1)(C), IT IS HEREBY ORDERED that, within fourteen days of the date of this Order, Jonathan Stein and Michael Brooks shall each either (1) pay sanctions in the amount of $100.00 each to the Clerk of the Court; or (2) submit a statement of good cause explaining their failures to comply with the court's March 2, 2009 Order.

IT IS SO ORDERED.

DATED:  October 1, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE