UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESSICA BLANCO, | NO. CIV. 2:09-578 WBS DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| AMERICAN HOME MORTGAGE SERVICING, INC., OPTION ONE MORTGAGE CORPORATION, THE FUNDING & LENDING NETWORK, MANDALE JOHNSON, MYRON W. BUTLER, AHMSI DEFAULT SERVICES, T.D. SERVICE COMPANY, and DOES 1 through 20, inclusive, | |
| Defendants. / | |

----oo0oo----

Plaintiff Jessica Blanco filed this action against defendants American Home Mortgage Servicing, Inc. ("AHMSI"),

Option One Mortgage Corporation ("Option One")[1], The Funding & Lending Network ("FLN"), Mandale Johnson, Myron W. Butler, AHMSI Default Services ("Default Services"), and T.D. Service Company ("TD"), alleging various state and federal claims relating to a loan they obtained to refinance their home in Woodland, California. AHMSI, Default Services, and Option One move to dismiss plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 556-

---

[1] Option One is now known as Sand Canyon Corporation. For the purpose of consistency with the briefs, this memorandum will refer to this entity as "Option One."

2

57).[2]

A. <u>TILA and RESPA Claims</u>

Plaintiff's SAC once again alleges claims for violations of TILA and RESPA. In response to AHMSI, Option One and Default Services' motion to dismiss, plaintiff indicated that she does not oppose defendants' motion to dismiss these causes of action. (<u>See</u> Pl.'s Opp'n Defs.' Mot. Dismiss SAC, Docket No. 47 7:9-11, 8:8-10.) Accordingly, the court will dismiss plaintiff's TILA and RESPA claims against AHMSI, Default Services, and Option One.[3]

B. <u>California Rosenthal Fair Debt Collection Practices Act</u>

Plaintiff has also amended her cause of action for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"). This claim, however, continues to suffer from the same shortfalls this court identified in its December 3, 2009 Order granting defendants' motion to dismiss. (<u>See</u> Docket No. 43.) Plaintiff does not plead facts necessary to support the inference that either AHMSI, Default Services, or Option One is a "debt collector" under the RFDCPA; specifically, that any one of the three engages in "debt collection," that the

---

[2] As mentioned in the court's December 3, 2009 Order, the court will grant defendants' request for judicial notice, as it is of publically recorded documents whose accuracy cannot be questioned. <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

[3] Plaintiff's Opposition is unclear as to whether plaintiff wants the court to dismiss her RESPA claim in its entirety, or solely against Option One, AHMSI, and Default Services. Out of caution, the court will only dismiss her RESPA a claim as to the moving defendants. If plaintiff wishes to dismiss her RESPA claim entirely, she may do so by filing a voluntary dismissal of the claim.

3

deed of trust memorializes a "consumer credit transaction," and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA. <u>See</u> Cal. Civ. Code § 1788.2(b)-(f); <u>Izenberg v. ETS Svcs., LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("Because foreclosure does not constitute debt collection under the RFDCPA, it does not appear that plaintiff can cure this deficiency."); <u>see also</u> <u>Ines v. Countrywide Home Loans, Inc.</u>, No. 08-1267, 2009 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008) ("Mortgage companies collecting debts are not 'debt collectors'") (quoting <u>Williams v. Countrywide Home Loans, Inc.</u>, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)). Plaintiff has not shown that residential mortgage loans fall within the purview of the RFDCPA, and accordingly plaintiff's cause of action for unfair debt collection practices cannot survive a motion to dismiss.

C.   <u>Fraud</u>

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiffs must include the "who, what, when, where, and how" of the fraud. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted); <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, "[w]here multiple

4

defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Reconstrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

While the SAC's fraud claim pleads a great deal more facts than the previous iteration of the Complaint, it still suffers from a number of shortcomings. Plaintiff fails to identify a single precise misrepresentation made by Option One to her. Instead, plaintiff simply contends that "Option One exercised extensive control over the actions of Funding and Lending and Butler and Johnson . . . in order to conceal the misrepresentations on [p]laintiff's loan application." (SAC ¶ 248.) It is completely unclear if Option One ever made any representations to plaintiff or when such representations were made. Plaintiff's fraud claim against Option One is therefore insufficient as currently plead.

Plaintiff also bases her theory of fraud against AHSMI on an erroneous theory. Specifically, plaintiff claims that AHMSI made misrepresentations to plaintiff when it "represented . . . that AHMSI has the right to collect monies" from her because AHMSI is not a "person entitled to enforce" the mortgage note pursuant to California Commercial Code Section 3301. (Id. ¶¶ 274, 280.) In that regard, plaintiff contends that defendants failed to properly endorse the note and physically deliver it, rendering the transfer of the note invalid. However, "[w]hen a mortgage is sold, physical transfer of the note is not required." Wood v. Aegis Wholesale Corp., 2009 U.S. Dist. LEXIS 57151, *14

(E.D. Cal. July 2, 2009) (citing In re Golden Plan of Cal., Inc., 829 F.2d 705, 708-11 (9th Cir. 1986)). Accordingly, plaintiff has failed to identify any misrepresentation made by AHMSI or why AHMSI would know a statement that it had the right to service her loan was false. Accordingly, the court will dismiss plaintiff's fraud claim against Option One and AHMSI.

D. California's Unfair Competition Law

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999). This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiff's claim under the UCL is once again solely based on her previous causes of action and merely recites her other claims without further explaining why AHMSI, Default Services, or Option One violated the UCL. Since plaintiff has failed to state a claim on any of her other claims against these defendants, and because these grounds appear to be the sole basis for plaintiff's UCL claim, she by necessity has again failed to state a claim against AHMSI, Default Services, or Option One under the UCL. Accordingly, the court will grant AHMSI, Default Services, and Option One's motion to dismiss plaintiff's UCL cause of action.

E. Leave to Amend

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Furthermore, while leave to amend must be freely given, the court is not required to allow futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The court's December 3, 2009 Order specifically advised plaintiff of the pleading defects in her First Amended Complaint, what plaintiff needed to plead to rectify them, and gave plaintiff the opportunity to file the SAC. As explained above, plaintiff's SAC-while over forty pages long-fails to correct many of these defects.

With respect to plaintiff's claims for violations of TILA, RESPA, and the RFDCPA, the court previously apprised plaintiffs of the same deficiencies that plague the SAC. Since the deficiencies have not been corrected, the court can only conclude that plaintiffs do not intend to allege or are unwilling or unable to properly plead claims for RFDCPA, TILA, and RESPA violations. Cf. Garcia ex rel. Marin v. Clovis Unified Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14, 2009). To the extent that plaintiff is again attempting to allege such claims, dismissal without leave to amend is appropriate.

As to the remaining causes of action against defendants

Option One, AHMSI, and Default Services, plaintiff is admonished that failure to cure the defects identified in this Order is grounds for dismissal without further leave to amend.

IT IS THEREFORE ORDERED that Option One, AHMSI, and Default Services' motion to dismiss plaintiff's RESPA, TILA, and RFDCPA claims against Option One, AHMSI, and Default Services be, and the same hereby is, GRANTED WITH PREJUDICE.

IT IS FURTHER ORDERED that Option One, AHMSI, and Default Services' motion to dismiss plaintiff's claims for fraud and violation of the UCL against Option One, AHMSI, and Default Services be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

Plaintiff has twenty days from the date of this Order to file an amended complaint, if she can do so consistent with this Order.

DATED: February 25, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE