UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESSICA BLANCO, | NO. CIV. 2:09-578 WBS DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| AMERICAN HOME MORTGAGE SERVICING, INC.; SAND CANYON CORPORATION SERVICING, INC. fka OPTION ONE MORTGAGE CORPORATION; FUNDING & LENDING NETWORK; MANDALE JOHNSON; MYRON W. BUTLER; AHMSI DEFAULT SERVICES; T.D. SERVICE COMPANY; WELLS FARGO BANK, N.A.; and LASALLE BANK NATIONAL ASSOCIATION, | |
| Defendants. / | |

----oo0oo----

Plaintiff Jessica Blanco filed this action against defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Sand Canyon Corporation Servicing, Inc. fka Option One Mortgage Corporation ("Option One"), Funding & Lending Network ("FLN"),

1

Mandale Johnson, Myron W. Butler, AHMSI Default Services ("Default Services"), T.D. Service Company ("TD"), Wells Fargo Bank, N.A. ("Wells Fargo"), and LaSalle Bank National Association ("LaSalle"), alleging various state and federal claims relating to a loan they obtained to refinance their home in Woodland, California.  (Docket No. 2.)  Plaintiff asserted that the basis of this court's jurisdiction over the action was federal question jurisdiction, predicated on her claims for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617.  (Id.)

After the court granted two motions to dismiss plaintiff's First and Second Amended Complaints with leave to amend, (Docket Nos. 43, 52), plaintiff filed a Third Amended Complaint on March 17, 2010, which no longer asserts any federal causes of action.  (Docket No. 53.)  On April 8, 2010, AHMSI, Default Services, and Option One filed a motion to dismiss the Third Amended Complaint for a lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively for failure to state a claim under Rule 12(b)(6).  (Docket No. 58.)  Plaintiff did not oppose dismissal of the action for lack of subject matter jurisdiction.  (Docket No. 61.)

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state

1 law claims has discretion to keep, or decline to keep, them under
2 the conditions set out in § 1367(c).").  Factors for a court to
3 consider in deciding whether to dismiss supplemental state claims
4 include judicial economy, convenience, fairness, and comity.
5 <u>Imagineering, Inc. v. Kiewit Pac. Co.</u>, 976 F.2d 1303, 1309 (9th
6 Cir. 1992).  "[I]n the usual case in which federal law claims are
7 eliminated before trial, the balance of factors . . . will point
8 toward declining to exercise jurisdiction over the remaining
9 state law claims."  <u>Reynolds v. County of San Diego</u>, 84 F.3d
10 1162, 1171 (9th Cir. 1996) <u>overruled on other grounds by</u> <u>Acri</u>,
11 114 F.3d at 1000.

12           As none of the parties oppose dismissal of this action
13 and have not posed any extraordinary or unusual circumstances
14 that would counsel against dismissal, the court will decline to
15 exercise supplemental jurisdiction under § 1367(c)(3) as to the
16 Third Amended Complaint's state law claims.

17           IT IS THEREFORE ORDERED that plaintiff's Third Amended
18 Complaint be, and the same hereby is, DISMISSED without
19 prejudice.

20 DATED:  May 17, 2010

                            WILLIAM B. SHUBB
                            UNITED STATES DISTRICT JUDGE

3